UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:25-CV-171-JHM**

**ROBERT GENE MILLER**                                                                                                    **PLAINTIFF**

**v.**

**CHRISTIAN COUNTY JAIL,** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Gene Miller filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed, dismiss other claims, and permit him to amend his complaint.

**I. SUMMARY OF CLAIMS**

On October 17, 2025, Plaintiff, a pretrial federal detainee, initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1]. Plaintiff sues Christian County Jail ("CCJ") and Jailer Adam Smith in his individual and official capacities for violation of his First and Fourteenth Amendment because of the conditions of confinement at CCJ, including unsanitary showers and bathrooms and uncooked food; CCJ's failure to answer grievances; and retaliation against Plaintiff by a staff member for filing a PREA action against that staff member. [DN 1]. By letter dated December 7, 2025, Plaintiff alleges that since he filed this lawsuit, he has also been "mistreated, singled out, harassed, and retaliated against." [DN 8]. The Court interprets the letter as a supplement to the complaint.

Plaintiff seeks compensatory damages, punitive damages, and injunctive relief in the form of being transferred to another "holding Jail." [DN 1, DN 8].

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. CCJ

CCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Christian County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against CCJ as a claim brought against Christian County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

#### B. Official-Capacity Claim

Plaintiff sues Defendant Smith in his official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Smith is actually against his employer, Christian County. Thus, the Court will dismiss

the official-capacity claim against Defendant Smith as redundant to the claims against the county. *See, e.g., O'Connor v. Chatfield*, No. 2:19-CV-218, 2021 WL 5568117, at *4 (W.D. Mich. Mar. 29, 2021) (dismissing official-capacity claims against county official because redundant to claims against the county) (citing *Graham*, 473 U.S. at 167 n.14).

### C. Christian County

#### 1. Conditions of Confinement

Plaintiff alleges that Christian County failed to establish a safe, sanitary, and healthy environment in the jail. [DN 1]. Plaintiff further alleges that Christian County has a practice of ignoring all condition-of-confinement issues, including the unsanitary conditions of its bathrooms and showers and its unsanitary and unsafe food. The Court construes Plaintiff's allegations as asserting claims for violation of the Fourteenth Amendment, which applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021).

It is well established that prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). A Fourteenth Amendment conditions-of-confinement claim has two prongs. To satisfy the first objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. To satisfy the second prong under the Fourteenth Amendment, a plaintiff must show that defendants acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596.

Upon consideration of the allegations and the length of the alleged conditions, the Court will allow Plaintiff's claims against Christian County to proceed based on Plaintiff's Fourteenth Amendment conditions-of-confinement claim. In doing so, the Court passes no judgment on its merit or upon its ultimate outcome.

### 2. Grievances

Plaintiff alleges that the grievances at CCJ are handled inappropriately. [DN 1]. However, prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 WL 3140577 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective prison grievance procedure").

For these reasons, the Court will dismiss Plaintiff's grievance claim for failure to state a claim upon which relief may be granted. Similarly, in as much as Plaintiff sues Jailer Smith in his individual capacity for rejecting his grievances, the Court likewise dismisses such claim against him.

### 3. Retaliation

Plaintiff alleges that he has suffered retaliation at CCJ because he brought a PREA claim and because he filed this lawsuit. [DN 1, DN 8]. When a § 1983 claim is made against a municipality or county, such as Christian County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege a policy or custom that was the moving force behind the alleged retaliation. Accordingly, the Court will dismiss this claim against Christian County for failure to state a claim upon which relief may be granted.

### 4. Injunctive Relief

Plaintiff requests transfer to another facility. However, the law is clear that a prisoner has no right to be incarcerated in a particular institution or jail. *See Montanye v. Haymes*, 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223–25 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Dancy v. George*, No. 07-CV-97-GFVT, 2007 WL 2251926, at *2 (E.D. Ky. Aug. 2, 2007) ("[W]ell-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security

classification; or housing assignment[.]"). The Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### D. Individual-Capacity Claims

Plaintiff sues Defendant Smith in his individual-capacity for the above claims. Because the complaint sets forth no specific allegations against Defendant Smith, the Court assumes that Plaintiff seeks to hold him liable in his supervisory roles as jailer of CCJ. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Thus, because the complaint contains no personal allegations against Defendant Smith, the Court will also dismiss the individual-capacity claims against him for failure to state a claim upon which relief may be granted.

### E. Amended Complaint

Before the Court issues a service and scheduling order in this matter, the Court will allow Plaintiff the opportunity to file an amended complaint in which he (1) names as defendants the individual CCJ officers whose actions he alleges violated his rights under the First Amendment to the United States Constitution when they retaliated against him and (2) describes the actions

allegedly taken by each. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) [of the Federal Rules of Civil Procedure,] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff chooses to file an amended complaint, the Court will perform an initial review on that filing pursuant to § 1915A.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1. Plaintiff's Fourteenth Amendment conditions-of-confinement claim against Christian County is allowed to proceed. All remaining claims are **DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

2. Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants CCJ and Smith as parties to this action and to add Christian County as a Defendant**.

3. **No later than March 10, 2026, Plaintiff may file an amended complaint.** If Plaintiff fails to timely file an amended complaint, the Court will enter a service and scheduling order to govern the development of the claim the Court has allowed to proceed.

4. The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and this case number written in the caption.

Date: February 9, 2026

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014