**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:25-CV-171-JHM**

**ROBERT GENE MILLER**                                                    **PLAINTIFF**

**v.**

**CHRISTIAN COUNTY JAIL,** *et al.*                                    **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Robert Gene Miller filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on what the Court interprets as a motion by Plaintiff to amend his complaint [DN15] and a motion by Defendant Christian County Jail to dismiss the amended complaint.  [DN 16].

## I.  SUMMARY OF CLAIMS

On October 17, 2025, Plaintiff, a pretrial federal detainee, initiated this *pro se* 42 U.S.C. § 1983 civil-rights action.  [DN 1].  Plaintiff sued Christian County Jail ("CCJ") and Jailer Adam Smith in his individual and official capacities for violation of his First and Fourteenth Amendment rights because of the conditions of confinement at CCJ, including unsanitary showers and bathrooms and uncooked food; CCJ's failure to answer grievances; and retaliation against Plaintiff by a staff member for filing a PREA action against that staff member.  [DN 1; *see also* DN 8].  On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Fourteenth Amendment conditions-of-confinement claim against Christian County to proceed and dismissed the other claims.  [DN 9].

Defendant Christian County filed its answer to the complaint on April 7, 2026.  [DN 14]. On April 27, 2026, Plaintiff filed an amended complaint adding Deputy Erispe as a Defendant in

his individual and official capacities.  [DN 15].  Defendant Christian County filed a motion to dismiss the amended complaint on May 18, 2026.  [DN 16].

## II.  MOTION TO DISMISS

Defendant Christian County moves to dismiss Plaintiff's amended complaint against Deputy Erispe[1] in his individual and official capacities arguing that (1) Plaintiff's official capacity claim against Defendant Erispe is duplicative of the claims asserted against Christian County; (2) Plaintiff was afforded an opportunity to file an amended complaint by March 10, 2026, and failed to file the amended complaint as ordered by the Court in its first initial review; (3) and Plaintiff failed to obtain Defendant's written consent or leave of Court to file an amended complaint as required by Fed. R. Civ. P. 15(a)(2). [DN 16].  For the reasons set forth below, while some of Defendant's points are well-taken, **IT IS ORDERED** that Defendant's motion to dismiss [DN 16] is **DENIED**.

## III.  AMENDED COMPLAINT

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion."  *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing

---

[1] Defendant Christian County refers to Deputy Erispe as Deputy Arispe.  For purposes of consistency, the Court will continue to refer to this Defendant as Erispe.

party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Initially, the Court would note that Plaintiff did not file the amended complaint properly. After an answer is filed, a plaintiff must comply with Fed. R. Civ. P. 15(a)(2). Notwithstanding, the Court will interpret the amended complaint also as a motion to amend his complaint to add additional claims and an additional defendant. Having concluded that there was no undue delay or bad faith on the part of Plaintiff or undue prejudice to the opposing party, the Court will grant Plaintiff's motion to amend *if* the proposed amendment is not futile. [DN 15].

### A. Summary of New Claims

Plaintiff alleges that he filed a PREA complaint against Deputy Erispe and a grievance at the CCJ. Plaintiff asserts that a week after he filed the complaint, Deputy Erispe entered Plaintiff's cell, asks who "Robert Miller was," and said, "Nice try faggot." Plaintiff states that after Deputy Erispe left the cell, he filed another grievance asking how Deputy Erispe was allowed to work in Plaintiff's pod since he had an active PREA investigation against the deputy. Plaintiff represents that two days later, Deputy Reins took another statement from Plaintiff and informed him that his original complaint was "put in the box but never received by PREA coordinator." Plaintiff alleges

3

that after he filed the PREA complaint, Deputy Erispe continued to work the pod, would not allow Plaintiff to go to the yard, called him last for dinner, told him he "should be happy [he was] eating at all," and continued to abuse Plaintiff for weeks afterwards.

Plaintiff also alleges that staff at CCJ were aware of the PREA investigation, but they continued to permit Deputy Erispe to have contact with Plaintiff.

### B. Official-Capacity Claim

Interpreted liberally, Plaintiff sues Defendant Erispe in his official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Erispe is actually against his employer, Christian County. Thus, the Court will dismiss the official-capacity claim against Defendant Erispe as redundant to the claims against the county. *See, e.g., O'Connor v. Chatfield*, No. 2:19-CV-218, 2021 WL 5568117, at *4 (W.D. Mich. Mar. 29, 2021) (dismissing official-capacity claims against county official because redundant to claims against the county) (citing *Graham*, 473 U.S. at 167 n.14).

### C. Christian County

Christian County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of Christian County and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, with respect to these new allegations, Plaintiff again does not allege

4

a policy or custom of the county that was the moving force behind the alleged retaliation. Accordingly, the Court will deny Plaintiff's motion for leave to amend the complaint to state additional claims against Christian County since such claims are futile.

### D. Individual-Capacity Claims

Upon consideration of the allegations, the Court <u>will allow Plaintiff's claim against Defendant Erispe to proceed based on Plaintiff's First Amendment retaliation claim</u>. In doing so, the Court passes no judgment on its merit or upon its ultimate outcome.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1.      Plaintiff's motion to amend his complaint [DN 15] is **GRANTED in part**. Plaintiff's First Amendment retaliation claim against Defendant Erispe is allowed to proceed. Plaintiff's additional claims against Christian County for retaliation are not allowed to proceed since such claims are futile.

2.      **The Clerk of Court shall prepare and issue a summons for Defendant Deputy Erispe (a/k/a Deputy Arispe)** at the Christian County Jail, and the **United States Marshal** shall personally serve a copy of the complaint and amended complaints [DN 1, DN 8, DN 15], the Memorandum Opinion and Order entered February 10, 2026 [DN 9], the Service and Scheduling Order entered March 25, 2026 [DN 10], this Memorandum Opinion and Order, and a summons on Defendant Erispe in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3.      Should Plaintiff receive notice that the summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court.  **Failure to do so within 90 days of entry of this Order may result in dismissal of the action**.  *See* Fed. R. Civ. P. 4(m).

4.      Defendant Erispe shall file his answer to the complaint no later than **21 days** after service of summons.  Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendant's answer.

5.      The parties should adhere to the Scheduling Order entered March 25, 2026. [DN 10].

Date:  June 15, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
         Counsel of Record
4414.014